UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA VAUGHN,<br><br>              Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>              Defendants. | No.  2:13-cv-0988 KJM CKD PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se.  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

In this case, it appears that a substantial part of the events giving rise to plaintiff's claims occurred in Palo Alto, California.  Therefore, plaintiff's claim should have been filed in the United States District Court for the Northern District of California.  In the interest of justice, a

/////

1

1  federal court may transfer a complaint filed in the wrong district to the correct district. See 28
2  U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
3      Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
4  States District Court for the Northern District of California.
5  Dated: May 29, 2013

                                          CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

9  4 vaugh988.tra

2